Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Fraud

# UNITED STATES DISTRICT COURT
### for the

### MIDDLE District of FLORIDA

### TAMPA Division

|  |  |
|---|---|
| Eric Horsey | Case No. 8:22 cv 1192 wfj-tgw |
| _____ | _(to be filled in by the Clerk's Office)_ |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☒ Yes ☐ No |
| **-v-** | |
| Nationstar Mortgage LLC D/B/A Mr. Cooper | |
| _____ | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued.  If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR A CIVIL CASE ALLEGING FRAUD
### (28 U.S.C. § 1332; Diversity of Citizenship)

I.    **The Parties to This Complaint**

   A.    **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

|  |  |
|---|---|
| Name | Eric Horsey |
| Street Address | 3139 Sago Point Court |
| City and County | Land o Lakes |
| State and Zip Code | FL 34639 |
| Telephone Number | (813) 442-2934 |
| E-mail Address | eric.horsey1@gmail.com |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Fraud

**B.**     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Nationstar Mortgage LLC |
| Job or Title *(if known)* | |
| Street Address | 8950 Cypress Waters Blvd |
| City and County | Coppell |
| State and Zip Code | Texas 75019 |
| Telephone Number | 888-480-2432 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Fraud

E-mail Address *(if known)* _____

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Under 28 U.S.C. § 1332, federal courts may hear cases in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000.  In that kind of case, called a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.  Explain how these jurisdictional requirements have been met.

### A. The Plaintiff(s)

1. If the plaintiff is an individual

   The plaintiff, *(name)*   Eric Horsey _____ , is a citizen of the State of *(name)*   Florida _____ .

2. If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ ,

   and has its principal place of business in the State of *(name)* _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

### B. The Defendant(s)

1. If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

2. If the defendant is a corporation

   The defendant, *(name)*   Nationstar Mortgage LLC d/b/a Mr. Cooper  , is incorporated under the laws of the State of *(name)*   Delware _____ , and has its principal place of business in the State of *(name)*   8950 Cypress Waters Blvd _____ .

   Or is incorporated under the laws of *(foreign nation)* _____ ,

   and has its principal place of business in *(name)* _____ .

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Fraud

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

**C.     The Amount in Controversy**

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$641,012.82

---

**III.     Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

The plaintiff, *(name)*   Eric Horsey                                             , and the defendant,

*(name)*   Nationstar Mortgage LLC                                , made an agreement or contract on

*(date)*   01/18/2021          . The agreement or contract was *(oral or written)*   written          . Under that

agreement or contract, the parties were required to *(specify what the agreement or contract required each party to do)*

submit factual statements to the FHA when detemermining if an existing mortgage could be modified. Defendant created a fraudulent FHA loan modification submission by stating Plaintiff was married to a third party. Plaintiff is not married and was not married at the time Defendant drafted and submitted the request to the FHA. This was done without the Plaintiff's knowledge, and Defendant was made aware that the parties were not married prior to approval of the modification. Defendant proceeded with implemention of said modification with actual knowledge that the informaton submitted to the FHA was fradulent and did so over the objection of the Plaintiff once he was made aware of the modification. The submission and subsequent approval of the modification resulted in the breach of a Plaintiff's martial settlement agreement as well as the existing FHA guidelines. The Defendant was aware that a martial settlement agreement existed. The Defendant was also aware that Plaintiff had been released from all obligations related to said property. The modification committed the to Plaintiff to additional costs and fees without the consent or written agreement of Plaintiff. Plaintiff's credit score and debt to income ratio has been damaged.

The defendant failed to comply because *(specify what the defendant did or failed to do that failed to comply with what the agreement or contract required)*

FHA loan guidelines require that the information submitted be factual and accurate. Defendant stated that Plaintiff is married. He is not. Defendant stated that Plaintiff lives at the property in question, he does not. Defendant ran Plaintiff's credit without consent. Defendant proceeded with the loan modification with no signature from Plaintiff and after Plaintiff contacted Defendant to advise that the agreement was not created with his consent and that he did not wish to proceed. Defendant knowingly accepted a notary signature stating that Plantiff signed in the presence of the notary. There was no signature from Plaintiff on the loan modification agreement. Defendant was aware that the agreement could not be approved by the FHA without Plaintiff's name, credit and income and knowingly decived all parties to gain approval.

Pro Se 4 (Rev. 12/16) Complaint for a Civil Case Alleging Fraud

The plaintiff has complied with the plaintiff's obligations under the contract.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

$281,012.82 is requested in actual damages. $360,000 is requested for punative/rehabiltative damages.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _5/24/22_____

Signature of Plaintiff    _____

Printed Name of Plaintiff    Eric Horsey

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

**Name of Law Firm** _____

**Street Address** _____

**State and Zip Code** _____

**Telephone Number** _____

**E-mail Address** _____

# *MRC-1* Separation Page

Printed @: GTS_MI

## Loan Info:

| | |
|---|---|
| Customer ID: | *MRC-1* |
| Loan Number: | 687628891 |
| Borrower Name: | ERIC D HORSEY |
| Property Address: | 20304 ASH GROVE LN<br>TAMPA    FLORIDA    33647 |

**To:**

| | |
|---|---|
| Borrower Name: | ERIC D HORSEY |
| Mailing Address: | 20304 ASH GROVE LN<br>TAMPA    FLORIDA<br>33647-3468 |

**From:**   *MR. COOPER*

| | |
|---|---|
| Company Name: | Mr. Cooper |
| Contact Name: | Attn: Centralized Mod Dept. |
| Contact Phone: | 888-480-2432 |
| Address: | 800 State Hwy 121 Bypass<br>MS: FHA  Rec  CS 18<br>Lewisville<br>TX<br>75067 |

## From: *Mr. Cooper*

**Countersignature Date:  01-18-2022**

**Borrower Sig Date:      01-13-2022**

**Package Type: MOD_FHA3179_COUNTERSIGN**

**Envelopes:**

**Insert:**





6 8 7 6 2 8 8 9 1

# USPS

**STANDARDMAIL**
Ship Date: **JANUARY 19, 2022**

**MR. COOPER**
**P.O. BOX 71340**
**MADISON HEIGHTS, MI 48071**

**ERIC D HORSEY**
**WILNISE HORSEY**
**20304 ASH GROVE LN**
**TAMPA, FLORIDA 33647-3468**



Loan Number 687628891

**mr.**
**cooper**
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

**OUR INFO**
**ONLINE**
www.mrcooper.com

January 18, 2022

**ERIC D HORSEY AND WILNISE HORSEY**
20304 ASH GROVE LN
TAMPA, FLORIDA 33647-3468

| | |
|---|---|
| Loan Number: | 687628891 |
| FHA Case Number | 093-6630890703 |
| Property Address: | 20304 ASH GROVE LN |
| | TAMPA, FLORIDA 33647 |

Dear ERIC D HORSEY AND WILNISE HORSEY:

You've completed all of the requirements for a permanent modification of your loan. We've enclosed a signed copy of the Modification Agreement for your records.

If you have any questions, please contact us at 866-316-2432. We are available Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT).

Sincerely,

MR. COOPER
866-316-2432

Enclosure(s)

If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings, and have not reaffirmed the mortgage, or if you are subject to a pending bankruptcy proceeding, this notice is not an attempt to collect a debt from you but rather is for informational purposes only. If you are represented by an attorney, please send this notice to your attorney.

91001008v2.2
Page 1 of 2



**Loan Number 687628891**

**Think there's been an error?**

If you believe an error has been made with respect to your mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

**Want more information?**

To request information regarding your account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741



Recording Requested By/Return To:
**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**999 TECH ROW, #200**
**MADISON HEIGHTS, MICHIGAN**
**48071**

This Instrument Prepared By:

in Moo Binero
ine President

**NATIONSTAR MORTGAGE LLC**
**D/B/A MR. COOPER**
**8950 CYPRESS WATERS BLVD.**
**COPPELL, TX 75019**
—————————————— [Space Above This Line For Recording Data] ——————————————

**Document Date: 12-16-2021**

# LOAN MODIFICATION AGREEMENT

**Property Address: 20304 ASH**
**GROVE LN, TAMPA, FLORIDA**
**33647**

**Loan Number 687628891**
**FHA Case Number 093-6630890703**

This modification adds $15,718.49 to the current principal balance of $265,462.33. The added amount represents capitalized interest, escrow advances, and other amounts due under the terms of the original Mortgage, Deed of Trust, or Deed. The new principal balance of the loan, as modified, is $281,180.82. The original principal balance of the loan on which mortgage and recording taxes were previously paid was $270,019.00.

This Loan Modification Agreement ("Agreement"), effective on **1ST DAY OF FEBRUARY, 2022**, between **ERIC D HORSEY AND WILNISE HORSEY, HUSBAND AND WIFE** ("Borrower"), and **NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER** ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), if any, dated **MARCH 13, 2009** and recorded in **RECORDED DATE : 03/18/2009 BOOK : 19155 PAGE : 1001 INSTRUMENT NUMBER : 2009089095** and (2) the Note in the original principal sum of U.S $270,019.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT     Form 3179
1/01 (rev. 10/16)
91063003v2.12
Version 12_11_2021_02_00_19                                                    (page 1 of 10)



Loan Number 687628891

**20304 ASH GROVE LN, TAMPA, FLORIDA 33647**
(Property Address)

the real property described being set forth as follows:
**LEGAL DESCRIPTION:**
**LOT 2, IN BLOCK 17, OF GRAND HAMPTON PHASE 1C-3, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN BOOK 104, AT PAGE 12, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA**
Tax Parcel No.: A-02-27-19-831-000017-00002.0

In consideration of mutual promises and agreements exchanged, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **FEBRUARY 01, 2022**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$281,180.82**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. The amount of Principal being reamortized is **$265,462.33**. The amount of Interest and costs being reamortized is **$15,718.49**.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.1250%**, from **JANUARY 01, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,204.51**, beginning on the **1ST DAY OF FEBRUARY, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.1250%** will remain in effect until principal and interest are paid in full. If on **JANUARY 01, 2052**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

   The terms in this paragraph shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate or for a graduated or growing-equity payment schedule.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT       Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                       (page 2 of 10)



**Loan Number 687628891**

4.  Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

5.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the Agreement Date set forth above:

    (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6.  Borrower understands and agrees that:

    (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT            Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                            *(page 3 of 10)*



**Loan Number 687628891**

(d)    If permitted by applicable law, all costs and expenses incurred by Lender in connection with this Agreement, including attorney's fees and costs, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f)    Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower's information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

(g)    In any foreclosure action dismissed as a result of entering into this Agreement, Borrower will remain liable for and bear his or her own attorney fees and costs incurred in connection with such action, if permitted by applicable law.

(h)    The mortgage insurance premiums on Borrower's Loan may increase and the date on which Borrower may request cancellation of mortgage insurance may change as a result of the loan modification.

(i)    Any Borrower who co-signed the Security Instrument but did not execute the Note (a "Co-signer") and has not assumed the debt: (a) is co-signing this Agreement only to acknowledge the Agreement; (b) is not personally obligated to pay the sums secured by the Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of the Security Instrument or the Note without the Co-signer's consent.

7.    Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT      Form 3179
1/01 (rev. 10/16)
9100300Sv2.12
Version 12_11_2021_02_00_19                                                       (page 4 of 10)



payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                        (page 5 of 10)



**Loan Number 687628891**

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

In Witness Whereof, Lender and I have executed this Modification Agreement as of the dates indicated below.

**(SIGNATURES CONTINUE ON FOLLOWING PAGES)**

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                                                      (page 6 of 10)



**Loan Number 687628891**

In Witness Whereof, the Borrower(s) have executed this agreement.

Dwysha mayo

Witness Printed Name       Witness Signature

_____       _____
Witness Printed Name       Witness Signature

_____       Date: ____/____/____
Borrower -   **ERIC D HORSEY**

**Please print your post office address**
**20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468**



Borrower -   **WILNISE HORSEY**       Date: _1_,_31_,_22_

**Please print your post office address**
**20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468**

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT      **Form 3179**
1/01 (rev.  10/16)
91003003v2.12
Version  12_11_2021_02_00_19       (page 7 of 10)

Loan Number 687628891

STATE OF FLORIDA
COUNTY OF *Hillsborough*
    Enter County Here

The foregoing instrument was acknowledged before me by means of [x] physical presence or [ ] online notarization, this ____13____ day of *January*, *2022*, by ERIC D HORSEY and WILNISE HORSEY.



_____ (Seal)
(Signature of Notary Public - State of Florida)

*Deysha Mayo*
(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____   OR Produced Identification ___X___

Type of Identification Produced ____FL DL____   My Commission Expires: __10/27/2023__

```
DEYSHA MAYO
Notary Public - State of Florida
Commission # HH 146168
My Comm. Expires Oct 27, 2023
Bonded through National Notary Assn.
```

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT     Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                                    (page 8 of 10)



Loan Number 687628891

In Witness Whereof, the Lender has executed this Agreement.

Lender

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

By: 

Printed Name:

Karren Bates
Vice President

Title: 

JAN 1 8 2022

Date:

Loan Number 687628891

State of MICHIGAN
County of OAKLAND

Acknowledged by _____ **Karran Bates** _____, Vice President of Nationstar
Mortgage LLC d/b/a Mr. Cooper a Limited Liability Corporation before me on the _18_ day of
_January_, _2022_

Signature _TEW Crenshaw_____

Printed name __**TEW Crenshaw**_____

Notary public, State of MICHIGAN, County of __**Wayne**_____

My commission expires __JUL 0 9 2028_____

Acting in the County of OAKLAND

```
TEW Crenshaw
Notary Public, State Of Michigan
County of Wayne
My Commission Expires July 09, 2028
Acting in the County of _____
```

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT     Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                   (page 10 of 10)



# DOCUMENT CORRECTION AGREEMENT
## ("Agreement")

Loan Number: 687628891 (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION:** In consideration of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER providing the loan modification (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower will comply with any request to execute, acknowledge, and deliver to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER any documentation ("Replacement Documents") NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER:** Any request under this Agreement made by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, (including assignees and persons acting on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER), shall be prima facie evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY:** If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER more than ten (10) days after being requested to do so by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower shall be liable for any and all loss or damage which NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. In addition, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER may elect to declare the Workout null and void in which case the loan shall be payable at the rate and on the terms as existed prior to the Workout. Any funds received by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in conjunction with the Workout shall be retained by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and applied to the loan as determined by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in its discretion.

_____     Date: _____/_____/_____
**ERIC D HORSEY**

Please print your post office address
20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468



**WILNISE HORSEY**     Date: 1 / 13 / 22

Please print your post office address
20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468

91004010v2.3
Page 1 of 1                Version 12_11_2021_02_00_19

Recording Requested By/Return To:
NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER
999 TECH ROW, #200
MADISON HEIGHTS, MICHIGAN
48071

This Instrument Prepared By: ... Moo Binero
... Vice President?

NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER
8950 CYPRESS WATERS BLVD.
COPPELL, TX 75019

———————— [Space Above This Line For Recording Data] ————————

Document Date: 12-16-2021

# LOAN MODIFICATION AGREEMENT

**Property Address: 20304 ASH
GROVE LN, TAMPA, FLORIDA
33647**

**Loan Number 687628891
FHA Case Number 093-6630890703**

This modification adds $15,718.49 to the current principal balance of $265,462.33. The added amount represents capitalized interest, escrow advances, and other amounts due under the terms of the original Mortgage, Deed of Trust, or Deed. The new principal balance of the loan, as modified, is $281,180.82. The original principal balance of the loan on which mortgage and recording taxes were previously paid was $270,019.00.

This Loan Modification Agreement ("Agreement"), effective on 1ST DAY OF FEBRUARY, 2022, between **ERIC D HORSEY AND WILNISE HORSEY, HUSBAND AND WIFE** ("Borrower"), and NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER ("Lender"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), if any, dated **MARCH 13, 2009** and recorded in RECORDED DATE : 03/18/2009 BOOK : 19155 PAGE : 1001 INSTRUMENT NUMBER : 2009088095 and (2) the Note in the original principal sum of U.S $270,019.00, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                      (page 1 of 10)



Loan Number 687628891

**20304 ASH GROVE LN, TAMPA, FLORIDA 33647**

(Property Address)

the real property described being set forth as follows:

**LEGAL DESCRIPTION:**

**LOT 2, IN BLOCK 17, OF GRAND HAMPTON PHASE 1C-3, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN BOOK 104, AT PAGE 12, OF THE PUBLIC RECORDS OF HILLSBOROUGH COUNTY, FLORIDA**

Tax Parcel No.: A-02-27-19-831-000017-00002.0

In consideration of mutual promises and agreements exchanged, and other good and valuable consideration which the parties agree they have received, the Borrower and Lender agree to modify the terms of the Note and Security Instrument as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **FEBRUARY 01, 2022**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$281,180.82**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized. The amount of Principal being reamortized is **$265,462.33**. The amount of Interest and costs being reamortized is **$15,718.49**.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.1250%**, from **JANUARY 01, 2022**. Borrower promises to make monthly payments of principal and interest of U.S. **$1,204.51**, beginning on the **1ST DAY OF FEBRUARY, 2022**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.1250%** will remain in effect until principal and interest are paid in full. If on **JANUARY 01, 2052**, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

   The terms in this paragraph shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate or for a graduated or growing-equity payment schedule.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                                (page 2 of 10)



4. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

5. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the Agreement Date set forth above:

    (a)    all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)    all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

6. Borrower understands and agrees that:

    (a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

    (b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

    (c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19    *(page 3 of 10)*



Loan Number 687628891

(d) If permitted by applicable law, all costs and expenses incurred by Lender in connection with this Agreement, including attorney's fees and costs, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower's information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

(g) In any foreclosure action dismissed as a result of entering into this Agreement, Borrower will remain liable for and bear his or her own attorney fees and costs incurred in connection with such action, if permitted by applicable law.

(h) The mortgage insurance premiums on Borrower's Loan may increase and the date on which Borrower may request cancellation of mortgage insurance may change as a result of the loan modification.

(i) Any Borrower who co-signed the Security Instrument but did not execute the Note (a "Co-signer") and has not assumed the debt: (a) is co-signing this Agreement only to acknowledge the Agreement; (b) is not personally obligated to pay the sums secured by the Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of the Security Instrument or the Note without the Co-signer's consent.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for



payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                                         (page 5 of 10)



**Loan Number 687628891**

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

In Witness Whereof, Lender and I have executed this Modification Agreement as of the dates indicated below.

**(SIGNATURES CONTINUE ON FOLLOWING PAGES)**

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3179
1/01 (rev. 10/16)
91003063v2.12
Version 12_11_2021_02_00_19                                                               *(page 6 of 10)*



Loan Number 687628891

In Witness Whereof, the Borrower(s) have executed this agreement.

Witness Printed Name

Witness Signature

Witness Printed Name

Witness Signature

Date: ____/____/____

Borrower -   ERIC D HORSEY

Please print your post office address
20304 ASH GROVE LN, TAMPA, FLORIDA 33847-3468

Borrower -   WILNISE HORSEY

Date: 1/13/22

Please print your post office address
20304 ASH GROVE LN, TAMPA, FLORIDA 33847-3468

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19

Form 3179

(page 7 of 10)



Loan Number 687628891

STATE OF FLORIDA
COUNTY OF Hillsborough

Enter County Here

The foregoing instrument was acknowledged before me by means of [x] physical presence or [ ] online notarization, this ___13___ day of ___January___, ___2022___, by ERIC D HORSEY and WILNISE HORSEY.



(Signature of Notary Public - State of Florida)                    (Seal)

Deysha mayo

(Print, Type, or Stamp Commissioned Name of Notary Public)

Personally Known _____ OR Produced Identification __X__

Type of Identification Produced __FL DL__          My Commission Expires: 10/27/2023

```
DEYSHA MAYO
Notary Public - State of Florida
Commission # HH 146168
My Comm. Expires Oct 27, 2023
Bonded through National Notary Assn.
```

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19

(page 8 of 10)



Loan Number 687628891

In Witness Whereof, the Lender has executed this Agreement.

Lender

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER**

By: _____

Printed Name:   **Karren Bates**
                **Vice President**
Title: _____

        JAN 1 8 2022

Date: _____

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version 12_11_2021_02_00_19                                              (page 9 of 10)



Loan Number 687626891

State of MICHIGAN
County of OAKLAND

Karen Reise

Acknowledged by _____, Vice President of Nationstar
Mortgage LLC d/b/a Mr. Cooper a Limited Liability Corporation before me on the _18_ day of
_January_ _2022_

Signature _TEW Creslan_

Printed name _TEW Crenshaw_

Notary public, State of MICHIGAN, County of _Wayne_

My commission expires _JUL 0 9 2028_

Acting in the County of OAKLAND

> TEW Crenshaw
> Notary Public, State Of Michigan
> County of Wayne
> My Commission Expires July 09, 2028
> Acting in the County of OAKLAND

FHA LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae UNIFORM INSTRUMENT    Form 3179
1/01 (rev. 10/16)
91003003v2.12
Version  12_11_2021_02_00_19

(page 10 of 10)



## DOCUMENT CORRECTION AGREEMENT
### ("Agreement")

Loan Number:   687628891 (the "Loan")

**AGREEMENT TO CORRECT MISSTATED DOCUMENTS AND TO PROVIDE ADDITIONAL DOCUMENTATION:**   In consideration of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER providing the loan modification (the "Workout") as requested by the undersigned ("Borrower"), and regardless of the reason for any loss, misplacement, or inaccuracy in any of the enclosed documents, Borrower agrees as follows: If any document is lost, misplaced, misstated or inaccurately reflects the true and correct terms and conditions of the Workout, upon request of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower will comply with any request to execute, acknowledge, and deliver to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER any documentation ("Replacement Documents") NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER deems necessary to replace or correct the lost, misplaced, misstated or inaccurate document(s). The Borrower agrees to deliver the Replacement Documents within ten (10) days after receipt by the Borrower of a written request for such replacement.

**REQUEST BY NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER:**   Any request under this Agreement made by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, (including assignees and persons acting on behalf of NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER), shall be *prima facie* evidence of the necessity for the same. A written statement addressed to the Borrower, first class postage prepaid, at the mailing address indicated in our records shall be considered conclusive evidence of receipt by the Borrower of the request for Replacement Documents.

**BORROWER LIABILITY:** If the Borrower fails or refuses to execute, acknowledge, and deliver the Replacement Documents to NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER more than ten (10) days after being requested to do so by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER, the Borrower shall be liable for any and all loss or damage which NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER reasonably sustains thereby, including, but not limited to, all reasonable attorneys' fees and costs incurred by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER. In addition, NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER may elect to declare the Workout null and void in which case the loan shall be payable at the rate and on the terms as existed prior to the Workout. Any funds received by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in conjunction with the Workout shall be retained by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER and applied to the loan as determined by NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER in its discretion.

_____     Date: _____/_____/_____
**ERIC D HORSEY**

Please print your post office address
**20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468**



_____     Date: 1 / 13 / 22
**WILNISE HORSEY**

Please print your post office address
**20304 ASH GROVE LN, TAMPA, FLORIDA 33647-3468**

91004010v2.3                     Version 12_11_2021_02_00_19
Page 1 of 1

Instrument #: 2021564763, Pg 1 of 2, 11/5/2021 10:40:57 AM DOC TAX PD(F.S. 201.02) $0.70, INT. TAX PD (F.S. 199) $0.00, DOC TAX PD (F.S. 201.08) $0.00, Deputy Clerk: YTORRES Cindy Stuart, Clerk of the Circuit Court Hillsborough County

THIS INSTRUMENT PREPARED BY:

ANTON LEGAL GROUP
2503 WEST SWANN AVENUE, SUITE 112
TAMPA, FL 33609

## QUIT-CLAIM DEED

This Quit-Claim Deed, executed on the date affixed beside the grantor's signature below, by ERIC D. HORSEY, an unmarried man, whose post office address is 3139 Sago Point Court, Land O'Lakes, Florida 34639, Grantor, to WILNISE HORSEY, whose post office address is 20304 Ash Grove Lane, Tampa, Florida 33647, Grantee,

WITNESSETH, that the said Grantor, for and in consideration of the sum of TEN DOLLARS ($10.00), in hand paid by the said Grantee, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the said Grantee forever, all the right, title, interest, claim and demand which the said Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of Hillsborough, State of Florida, to-wit:

Lot 2, in Block 17, of GRAND HAMPTON PHASE 1C-3, according to the Plat thereof, as recorded in Book 104, at Page 12, of the Public records of Hillsborough County, Florida.

Parcel Identification Number: A-02-27-19-831-000017-00002.0

Together with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

To Have and To Hold the same in fee simple forever.

To Have and to Hold the same together with all and singular the appurtenances thereunto belonging or in any way appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the Grantee forever.

This deed is given pursuant to a Marital Settlement Agreement between the parties in connection with their dissolution of marriage. Therefore, minimum documentary stamps are due and payable. Grantor acknowledges that the Property is not presently his homestead.

**Preparer's Notice:** Grantee acknowledges that this Deed was prepared from information furnished by her. No independent verification or opinion of title has been made and neither S. David Anton, nor the Anton Legal Group, shall have any liability for the status of title to the Property or for the accuracy of such information.

**IN WITNESS WHEREOF**, the said Grantor has hereunto set his hand and seal the day and year affixed beside his name.

Signed, sealed, and delivered in the presence of:

ERIC D. HORSEY, Grantor

Witness

Print _Cade Freund_

Witness

Print

STATE OF FLORIDA
COUNTY OF _Floride_

The foregoing instrument was acknowledged before me by ERIC HORSEY, ☐ who is personally known to me, or ☑ who produced _FL DL_ as identification.

SWORN TO (or affirmed) before me on _10/13/2021_

Notary Public, State of Florida

Printed Name _Lisa Miller_

My Commission Expires

Printed Name

My Commission Expires

LISA MILLER
Notary Public - State of Florida
Commission # GG 244049
My Comm. Expires Aug 7, 2022

The foregoing instrument was acknowledged by me by means of ☑ Physical Presence or [ ] Online Notarization

STATE OF FLORIDA     )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS _____ DAY OF _____ 20 ___
Cindy Stuart, Clerk of the Circuit Court
Hillsborough County, Florida
BY _____ Deputy Clerk

STATE OF FLORIDA

THIS DOCUMENT HAS A LIGHT BACKGROUND ON TRUE WATERMARKED PAPER. HOLD TO LIGHT TO VERIFY FLORIDA WATERMARK

## BUREAU of VITAL STATISTICS

# CERTIFICATION OF REPORT OF DISSOLUTION OF MARRIAGE

**STATE FILE NUMBER: 2021-049260**

TYPE OF REPORT: **DISSOLUTION**

COUNTY ISSUING REPORT: **HILLSBOROUGH**

DOCKET/VOL/PAGE: **20-DR-014156**

**DATE ISSUED: September 13, 2021**

DATE OF FINAL JUDGEMENT: **August 12, 2021**

DATE FILED AND RECORDED: **August 12, 2021**

## SPOUSE

NAME: **WILNISE   HORSEY**

MAIDEN SURNAME: **UNKNOWN**

RESIDENCE STREET: **20304 ASH GROVE LANE**

CITY, STATE, ZIP: **TAMPA, FLORIDA  33647**

COUNTY: **HILLSBOROUGH**

## SPOUSE

NAME: **ERIC  D  HORSEY**

MAIDEN SURNAME: **UNKNOWN**

RESIDENCE STREET: **3139 SAGO POINT COURT**

CITY, STATE, ZIP: **LAND O LAKES, FLORIDA  34639**

COUNTY: **PASCO**

## MARRIAGE

DATE OF MARRIAGE: **June 19, 2004**

CHILDREN UNDER 18: **2**          TOTAL CHILDREN: **2**

PLACE OF MARRIAGE: **UNKNOWN COUNTY, FLORIDA, UNITED STATES**

## PETITIONER AND ATTORNEY

PETITIONER: **SPOUSE1**

ATTORNEY FOR PETITIONER: **DAVID ANTON**

MAILING ADDRESS: **ANTON LEGAL GROUP 2503 W SWANN AVE STE 1**

CITY, STATE, ZIP: **TAMPA, FLORIDA  33609**

*** If asterisks appear, that data item was either not on the original report, was not keyed into the database, or was not provided from the Clerk of Court.



State Registrar

REQ: 2023141300

THE ABOVE SIGNATURE CERTIFIES THAT THIS IS A TRUE AND CORRECT COPY OF THE OFFICIAL RECORD ON FILE IN THIS OFFICE. THIS DOCUMENT IS PRINTED OR PHOTOCOPIED ON SECURITY PAPER WITH WATERMARKS OF THE GREAT SEAL OF THE STATE OF FLORIDA. DO NOT ACCEPT WITHOUT VERIFYING THE PRESENCE OF THE WATER-MARKS. THE DOCUMENT FACE CONTAINS A MULTICOLORED BACKGROUND, GOLD EMBOSSED SEAL, AND THERMOCHROMIC FL. THE BACK CONTAINS SPECIAL LINES WITH TEXT. THE DOCUMENT WILL NOT PRODUCE A COLOR COPY.

**WARNING:**

DH FORM 1946 (03-13)



CERTIFICATION OF VITAL RECORD



*VOID IF ALTERED OR ERASED* (left margin)

*VOID IF ALTERED OR ERASED* (right margin)